# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5655 | **DATE** | 1/19/2012 |
| **CASE TITLE** | Alex Gu vs. Beth Hughes, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court will convert Defendant's motion to dismiss [18] into a motion for summary judgment. However, to the extent Defendants seek to pursue a motion for summary judgment, the record does not reflect that they have satisfied Local Rule 56.2. Defendants are given until January 31, 2012 to file the new motion for summary judgment, memorandum, and statement of facts and provide Plaintiff with the required notice. Plaintiff shall file the answer to the motion for summary judgment and statement of facts by February 21, 2012. Defendants' reply shall be filed by February 28, 2012. The status hearing set for February 22, 2012, is stricken and reset to March 14, 2012, at 9:00 a.m. Defendants' motion to dismiss or, in the alternative, for summary judgment [18] is stricken as moot.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

This matter is before the court on Defendants' motion to dismiss and motion, in the alternative, for summary judgment. To the extent that Defendants seek to move for a dismissal under Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), Defendants seek to delve into facts beyond those alleged in the complaint. Pursuant to Federal Rule of Civil Procedure 12(d) "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Since the court will not exclude the matters outside of the pleadings presented by Defendants in ruling on the instant motion, the court will convert the motion into a motion for summary judgment. However, to the extent Defendants seek to pursue a motion for summary judgment, the record does not reflect that they have satisfied Local Rule 56.2. Since Plaintiff in this case is proceeding *pro se*, Defendants are required when bringing a motion for summary judgment to provide Plaintiff with the specified notice as prescribed in Local Rule 56.2.

| STATEMENT |
|---|
| In addition, since Defendants have devoted a significant portion of their arguments to a Rule 12(b)(6) motion to dismiss analysis, the court will give Defendants an opportunity to file a new summary judgment motion, memorandum, and statement of material facts. This will clarify the issues before the court for the *pro se* Plaintiff. Defendants are given until January 31, 2012 to file the new motion, memorandum, and statement of facts and provide Plaintiff with the required notice. Plaintiff shall file the answer to the motion for summary judgment and statement of facts by February 21, 2012. Defendants' reply shall be filed by February 28, 2012. The status hearing set for February 22, 2012, is stricken and reset to March 14, 2012, at 9:00 a.m. |