## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ALEX GU,                                )
                                        )
                    **Plaintiff,**      )
                                        )
            v.                          )       No. 11 C 5655
                                        )
PROVENA ST. JOSEPH MEDICAL              )
CENTER, et al.,                         )
                                        )
                    **Defendants.**     )


## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment.

For the reasons stated below, the motion is granted in its entirety.


## BACKGROUND

Plaintiff Alex Gu (Gu) alleges in his *pro se* complaint that he is a Surgical

Assistant. Gu contends that he began working at Defendant Provena St. Joseph

Medical Center (Provena) in January of 2000. Gu contends that in 2004, his contract

was not renewed and that no reason was given for not renewing his contract. Gu

indicates that after his contract expired, he worked at Provena as an independent

1

Surgical Assistant.  In August 2009, Gu allegedly assisted in surgery and billed the patient's insurance company, but Gu was allegedly unable to get full compensation for performing the surgery.  Gu allegedly contacted the patient and asked her to contact the insurance company and request a reasonable payment for Gu.  Gu was then allegedly told that his surgery privileges at Provena had been revoked permanently.  Gu also alleges that in 2010, he received an offer to renew his surgery privileges, but was informed that any physician working with Gu must cover him under the surgeon's malpractice insurance.

Gu includes in his *pro se* complaint claims alleging violations of the Fifth and Fourteenth Amendments (Count I), retaliatory discharge claims (Count II), and employment discrimination claims, alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, and the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 et seq. (Count III).  Defendants now move for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).  A

"genuine issue" of material fact in the context of a motion for summary judgment is

not simply a "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue

of material fact exists when "the evidence is such that a reasonable jury could return

a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).  In

ruling on a motion for summary judgment, the court must consider the record as a

whole, in the light most favorable to the non-moving party, and draw all reasonable

inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at 255; *Bay v.*

*Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).


**DISCUSSION**


I.  Constitutional Claims

Defendants argue that Gu has failed to point to sufficient evidence to support a

claim based upon any constitutional violation.  In general, the federal Constitution

provides protections against governmental action, rather than against actions by

private individuals.  *See Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619

(1991)(stating that "[t]he Constitution's protections of individual liberty and equal protection apply in general only to action by the government"); *Fairley v. Andrews*, 578 F.3d 518, 525 (7th Cir. 2009)(stating that "[t]he Constitution prevents governmental actors from forbidding, or penalizing, speech that is protected under the first amendment" and that a plaintiff can recover from a "private actor who has conspired with" or acted "in concert" with state actors); *Dunham v. Frank's Nursery & Crafts, Inc.*, 919 F.2d 1281, 1283 (7th Cir. 1990)(stating that "the right to equal protection of the laws expressed in the fourteenth amendment has been found by implication in the due process clause of the fifth amendment, which applies to federal action"); *Downie v. Powers*, 193 F.2d 760, 765 (10th Cir. 1952)(stating that [i]t cannot be doubted that the Fourteenth Amendment erects no shield against merely private conduct, however discriminatory or wrongful"); *Richards v. Duke University*, 480 F.Supp.2d 222, 238-39 (D.D.C. 2007)(stating that "[g]enerally, constitutional protections of individual rights and liberties only apply to actions by governmental bodies").

In the instant action, Gu has not pointed to evidence showing Defendants are state or federal actors. Nor has Gu pointed to evidence showing that Defendants were acting in concert with a governmental actor or acting in any manner that would implicate federal or state constitutional protections. Gu admits, pursuant to Local

Rule 56.1, that Provena is a private hospital. (R SF Par. 2). Nor does Gu dispute

that Defendants Beth Hughes and Mary Alberts are employees of Provena. (R SF

Par. 1); (Compl. Par. 5). Therefore, Gu has failed to point to sufficient evidence to

show a violation of the Fifth or Fourteenth Amendments by Defendants, and

therefore, Defendants' motion for summary judgment on the constitutional claims in

Count I is granted.


## II. Retaliatory Discharge Claims

Defendants argue that Gu has failed to point to sufficient evidence to support a

retaliatory discharge claim. For a retaliatory discharge claim brought under Illinois

law, a plaintiff must establish: "(1) [h]e has been discharged; (2) in retaliation for

h[is] activities; and (3) the discharge violates a clear mandate of public policy."

*Thomas v. Guardsmark, LLC*, 487 F.3d 531, 535-36 (7th Cir. 2007). In the instant

action, it is undisputed that Gu was not employed by any of Defendants. Although

Gu indicates in response to some of Defendants' statements of material facts that he

denies such facts, Gu fails in his response to cite to the record in support of his

denials, and such facts are therefore deemed undisputed pursuant to Local Rule 56.1.

(R SF Par. 1, 3-5, 7); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir.

2008)(stating that "[d]istrict courts are entitled to expect strict compliance with Rule

56.1")(internal quotations omitted)(quoting *Ammons v. Aramark Unif. Servs., Inc.,* 368 F.3d 809, 817 (7th Cir. 2004)); LR 56.1; *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003)(explaining that a denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence). At this juncture, it is incumbent upon Gu to point to evidence to support his version of the facts, and he can no longer rely upon mere beliefs and allegations. *Koszola v. Board of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004)(stating that "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events")(internal quotations omitted)(quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)).

The court also notes that the record reflects that Gu was provided with the *pro se* notification in accordance with Local Rule 56.2, which explains the summary judgment process and explains that if Gu believed that there was a genuinely disputed fact, he needed to point to evidence to support his contention. Since Gu is proceeding *pro se*, the court has "liberally construe[ed]" Gu's "*pro se* submissions." *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). However, Gu's *pro se* status does not relieve him of an obligation to comply with Local Rules such as Local Rule

56.1.  *See RBS Citizens, N.A. v. Compuray Staffing, Inc.*, 2012 WL 502653, at *2

(N.D. Ill. 2012)(stating that "Local Rule 56.1's requirements apply even when the

non-moving party is representing himself *pro se*"); *see also Wilson v. Kautex, Inc.*,

371 Fed.Appx. 663, 664 (7th Cir. 2010)(unpublished decision)(stating that "strictly

enforcing Local Rule 56.1 was well within the district court's discretion . . . even

though [the plaintiff was] a *pro se* litigant").

It is undisputed, pursuant to Local Rule 56.1, that during the relevant time

period, Provena did not employ or pay the surgical assistants that assisted in

surgeries at Provena's facility.  (R SF Par. 3-4).  It is also undisputed that, during the

relevant time period, Provena did not provide surgical assistants with employee

benefits and did not prohibit surgical assistants from performing services for other

medical care facilities.  (R SF Par. 5-6).  It is also undisputed that, during the relevant

time period, Provena did not schedule surgical assistance for surgeries and that

surgical assistants were directly scheduled by physicians.  (R SF Par. 7).  It is also

undisputed that prior to 2009, Provena contracted directly with independent

contractors for surgical assistant services, and that after 2009, Provena began

contracting with a third-party agency to provide surgical assistants and paid a flat fee

to the third-party agency.  (R SF Par. 9-11).

Gu has not pointed to evidence that shows that he was anything other than an

independent contractor working at Provena's facility. Nor has Gu pointed to

evidence to show any special relationship with Defendants or to show that, under the

pertinent factors, he should not be deemed an independent contractor. *See, e.g.,*

*Worth v. Tyer*, 276 F.3d 249, 263 (7th Cir. 2001). Under Illinois law, an independent

contractor cannot bring a retaliatory discharge claim against the entity that hired the

contractor. *See New Horizons Electronics Marketing, Inc. v. Clarion Corp. of*

*America*, 561 N.E.2d 283, 285 (Ill. App. Ct. 1990)(holding that since the "plaintiff

[wa]s not an employee but an independent contractor, . . . plaintiff [could not] assert

a claim of retaliatory discharge"). Thus, Gu has failed to point sufficient evidence

showing that any of Defendants were his employer or that he was discharged from

employment by Defendants. Nor has Gu pointed to sufficient evidence to show any

violation of Illinois public policy by actions of Defendants. Therefore, Defendants'

motion for summary judgment on the retaliatory discharge claims (Count II) is

granted.


III.  Employment Discrimination Claims

Defendants argue that Gu has failed to point to sufficient evidence to support

an employment discrimination claim under Title VII or the IHRA. Gu's employment

discrimination claims fail at the outset since, as explained above, Gu has failed to

show that any of Defendants were his employer.  *See, e.g., Worth*, 276 F.3d at 262

(stating that "independent contractors are not protected under Title VII"); *Williams v.

Banning*, 72 F.3d 552, 554 (7th Cir. 1995)(indicating that the proper defendant for a

Title VII claim is the plaintiff's employer and that there is no individual liability

under Title VII); *Bannon v. University of Chicago*, 503 F.3d 623, 630 (7th Cir.

2007)(referring to the "duty provided by the IHRA, such as the duty of employers to

refrain from discriminating against employees on the basis of their race or national

origin").  In addition, Gu admits that he did not exhaust his administrative remedies

in regards to the Title VII or IHRA claims prior to bringing the instant action.  (R SF

Par. 19); *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir.

2005)(stating that prior to bringing a Title VII action, "[a] plaintiff must file a charge

with the EEOC detailing the alleged discriminatory conduct within the time allowed

by statute, and the EEOC must issue a right-to-sue letter"); *Curtis v. Union Pacific R.

Co.*, 2011 WL 4404066, at *3 (S.D. Ill. 2011)(stating that "[o]rdinarily, where a

litigant does not allege that he or she has received a final order of the IHRC before

bringing suit under the IHRA, the IHRA claim must be dismissed").  Finally, Gu has

failed to point sufficient evidence to support a Title VII or IHRA employment

discrimination claim.  *See Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir.

2010)(stating that "[s]ummary judgment is the 'put up or shut up' moment in a

lawsuit").  Therefore, Defendants' motion for summary judgment on the Title VII

and IHRA claims (Count III) is granted.


## CONCLUSION

Based upon the foregoing analysis, Defendants' motion for summary

judgment is granted in its entirety.




_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  February 29, 2012